UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00171-HBB

MICHAEL W. COMPTON                                              PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Michael W. Compton ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 13) and Defendant (DN 19) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9). By Order entered December 22, 2017 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

1

FINDINGS OF FACT

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on December 23, 2013 (Tr. 307, 314).[1] Plaintiff alleged that he became disabled on December 25, 2009, as a result of seizure disorder; affective mood disorder; anxiety disorder; major depression with recurrent nightmares; post-traumatic stress disorder; paranoia; social phobia; poor memory, focus, and concentration, and difficulty dealing with stress and people (Tr. 307, 314, 364).

Prior to the administrative hearing, Plaintiff amended the alleged onset date from December 25, 2009 to May 22, 2012 (Tr. 14, 334). Apparently, Plaintiff amended the onset date because of Administrative Law Judge Ronald M. Kayser's decision, issued on May 21, 2012, denying Plaintiff's earlier filed applications for Disability Insurance Benefits and Supplemental Security Income (Tr. 14, 334).

Regarding the applications at issue, Administrative Law Judge Gregory O. Varo ("the ALJ") conducted video hearings from Lexington, Kentucky on January 13, 2016 and May 18, 2016 (Tr. 14, 62, 98). Plaintiff and his attorney participated from Campbellsville, Kentucky (Id.). During the later hearing, Ralph M. Crystal, Ph.D., testified as an impartial vocational expert (Id.).

In a decision dated July 14, 2016, the ALJ observed that ALJ Kayser previously found Plaintiff could perform a range of medium work as well as jobs that existed in significant numbers in the national economy (Tr. 14). The ALJ acknowledged that the principles of *res judicata* required the administration be bound by ALJ Kayser's decision unless Plaintiff proves a change

---

1 The final decision of the Commissioner indicates Plaintiff protectively filed these applications on November 13, 2013 (DN 14).

of circumstances in his subsequent application (Id. citing Drummond v. Comm'r of Soc. Sec., 126 F.3d 847, 842 (6th Cir. 1997)).  After reviewing the medical evidence, the ALJ found that substantial new and material evidence warranted a change in the residual functional capacity established in the prior decision of ALJ Kayser (Id.).

The ALJ then evaluated Plaintiff's adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner[2] (Tr. 14-23).  At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 22, 2012, the amended alleged onset date (Tr. 17).  At the second step, the ALJ determined that Plaintiff has the following "severe" impairments: history of seizure disorder; cervical radiculopathy and carpal tunnel syndrome in the dominant right upper extremity; affective disorder; and anxiety disorder with post-traumatic stress disorder features (Id.).  At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Id.).

At the fourth step, the ALJ made the following finding regarding Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with lifting/carrying 10 pounds frequently and 20 pounds occasionally; standing/walking 6 hours in an 8-hour day; sitting 6 hours in an 8-hour day; frequently climbing ramps and stairs; never climbing ladders, ropes and scaffolds; frequently balancing, stooping, kneeling and crouching; never crawling; handling and fingering limited to occasional in the dominant right upper extremity; avoid all exposure to hazards such as moving machinery and unprotected heights; able to understand, remember and carry out very short, simple instructions; able to maintain

---
[2] The ALJ noted that Plaintiff's insured status expired on December 31, 2014 (Tr. 16).

> attention for two-hour periods during an eight-hour workday; able
> to relate to supervisors and coworkers in a non-public setting; able
> to respond to change; and requires a low stress work environment
> with no fast-paced production goals, etc.

(Tr. 18). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of his past relevant work (Tr. 21).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 21-22). The ALJ found that Plaintiff can perform a significant number of jobs that exist in the national economy (Tr. 22). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from May 22, 2012 through the date of the decision, July 14, 2016 (Tr. 22-23).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 305-06). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-5).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting

4

Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ 's decision (Tr. 1-5). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Challenged Findings

Plaintiff disagrees with Finding Nos. 4, 5, 10, and 11 (DN 13 PageID # 910-21). With regard to Finding No. 4, Plaintiff argues that he should receive an assessment under Listing 12.15 and the assessment he received under Listing 12.06 is not supported by substantial evidence (Id. PageID # 911-14, 914-17). Plaintiff challenges Finding No. 5 by asserting that the ALJ failed to explain what he meant by "a low stress work environment" in the RFC assessment (Id. PageID # 917-18). Plaintiff disputes Finding No. 10 because the ALJ failed to resolve conflicts between the vocational expert testimony and the Dictionary of Occupational Titles ("DOT") before relying

6

on the vocational expert's testimony (Id. PageID # 919-21). Plaintiff asserts that his challenges above preclude the ultimate determination of not disabled set forth in Finding No. 11 (Id. PageID # 921).

A.

As mentioned above, Plaintiff makes two arguments challenging Finding No. 4 (DN 13 PageID # 911-14, 914-17). The first concerns Listing 12.15 and the second involves Listing 12.06. The Court will address Plaintiff's arguments separately.

During the January 13, 2016 administrative hearing, Plaintiff's counsel specifically argued that Plaintiff's PTSD met Listing 12.06 (Tr. 71-73). During the May 18, 2016 administrative hearing, Plaintiff's counsel again confirmed his position that Plaintiff's PTSD met Listing 12.06 (Tr. 104). In the administrative decision, dated July 14, 2016, the ALJ specifically found that Plaintiff did not meet or equal the criteria for Listing 12.06 (Tr. 17-18). On September 16, 2016, Plaintiff made a request for Appeals Council review of the ALJ's decision (Tr. 306). At the time all of these events occurred, Listing 12.06 applied to Plaintiff's PTSD claim. *See* 20 C.F.R. Part 404, Subpt. P, App. 1, §§ 12.00(D)(11), 12.06 (2016); Barger v. Berryhill, No. 2:17-234, 2018 WL 1089678, at *4 (W.D. Pa. Feb. 28, 2018); Titsworth v. Berryhill, No. 8:16CV287, 2017 WL 3524666, at *7 (D. Neb. Aug. 16, 2017); Ferguson v. Berryhill, No. 17-CV-01491-MEJ, 2017 WL 6450486, at *11 n.4 (N.D. Cal. Dec. 18, 2017).

1. Listing 12.15

While Plaintiff's request for review was pending before the Appeals Council, Listing 12.15 replaced Listing 12.06 with regard to PTSD claims. The Listing focuses on "*Trauma–and stressor-related disorders*," including PTSD. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§

7

12.00(B)(11), 12.15 (2017). Listing 12.15 became effective on January 17, 2017. 81 FR 66138, 2016 WL 5341732 (Sept. 26, 2016).

On February 2, 2017, Plaintiff filed a memorandum with the Appeals Council (Tr. 444-49). His first claim focused on Listing 12.15 (Tr. 445-46). Plaintiff pointed out that "[t]he agency specified upon publication in the Federal Register "that this listing will be applied 'to claims that are pending on or after the effective date' of the listing of January 17, 2017" (Tr. 446 quoting 81 FR 66138-01 (Sept. 23, 2016)). Relying on the above language and the language in a related footnote, Plaintiff reasoned "[b]ecause a final decision has not been made in the claim, the language of the published listing specified that it is to now apply to review of the claim" (Id.). Plaintiff asserted that in the interest of affording him a fair review under the current rules, his claim should be remanded for consideration of whether he meets Listing 12.15 (Id.).

In a notice dated August 15, 2017, the Appeals Council denied Plaintiff's request for review (Tr. 1-5). The Appeals Counsel indicated that it had considered Plaintiff's reasons for disagreeing with the ALJ's decision but found the reasons do not provide a basis for changing that decision (Id.).

Although Plaintiff indicates that he is challenging Finding No. 4, he is actually disputing the Appeals Council's denial of his request for review (DN 13 PageID # 911-14). In doing so, Plaintiff is turning a blind-eye to 42 U.S.C. § 405(g) which limits judicial review to a "final decision of the Commissioner of Social Security made after a hearing . . ." See Weinberger v. Salfi, 422 U.S. 749, 763-64 (1975); Willis v. Sullivan, 931 F.2d 390, 396 (6th Cir. 1991); Ahghazali v. Sec'y of Health & Human Servs., 867 F.2d 921, 924-926 (6th Cir. 1989). When the Appeals Council denies a claimant's request for review, as it did here, the ALJ's decision becomes

8

the Commissioner's final decision for judicial review. *See* Sims v. Apfel, 530 U.S. 103, 106-07 (2000) (citing 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a)). The scope of judicial review is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).

In relevant part, the Federal Register reads as follows:

> [W]e will use these final rules on and after their effective date, in any case in which we make a determination or decision. We expect that Federal courts will review our *final decisions* using the rules that were in effect at the time we issued the decisions.

*See* Id. 81 FR 66138-01, n.1, 2016 WL 5341732 (emphasis added). Viewing the above language in harmony with the law on judicial review, the Court is limited to considering the rules that were in effect when the ALJ issued his decision because it became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. The ALJ issued his decision on July 14, 2017, more than six months before Listing 12.15 became effective on January 17, 2018. Consequently, the Court cannot consider Listing 12.15 in assessing whether the findings set forth in the final decision of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. Further, the Court lacks subject matter jurisdiction under 42 U.S.C. § 405(g) to consider Plaintiff's challenge to the Appeals Council's denial of his request for review.

2. Listing 12.06

During the hearing on January 13, 2016, Plaintiff's counsel specifically explained why he

9

believed the evidence demonstrated that Plaintiff's PTSD met Listing 12.06 (Tr. 71-73). At the start of the May 18, 2016 hearing, Plaintiff's counsel confirmed his position that Plaintiff's PTSD met Listing 12.06 (Tr. 104). In his decision, the ALJ concluded that Plaintiff's mental impairments, considered singly and in combination, did not meet or equal the criteria of Listing 12.06 (Tr. 17-18).

Plaintiff accuses the ALJ of supporting his findings with mischaracterizations of what Plaintiff actually indicated in an Adult Function Report, a Pain Questionnaire, and his hearing testimony (DN 13 PageID # 914-17). Plaintiff asserts that there is substantial evidence in the record to support a finding that he does meet Listing 12.06 (Id.).

Defendant argues that the ALJ properly found Plaintiff did not meet Listing 12.06 (DN 19 PageID # 944-45). Defendant points out that the ALJ's findings regarding the degree of limitation under the B criteria is supported by medical opinions in the record (Id.).

At the third step, a claimant has the burden of demonstrating he has an impairment that meets a listing in Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d); Burgess v. Sec'y of Health & Human Servs., 835 F.2d 139, 140 (6th Cir. 1987). To meet a listing in Appendix 1, the medical records regarding the impairment must satisfy both the diagnosis and severity requirements for the listing. Social Security Ruling 96-5p; 20 C.F.R. §§ 404.1525(d), 416.925(d); Hale v. Sec'y of Health & Human Servs., 816 F.2d 1078, 1083 (6th Cir. 1984).

Listing 12.06 concerns anxiety related disorders. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.06. To satisfy the "paragraph B" criteria for this Listing, a claimant must demonstrate two of the following: (1) marked restrictions in activities and daily living; 2) marked difficulties in maintaining social functioning; 3) marked restrictions in maintaining concentration, persistence,

or pace; or 4) repeated episodes of decomposition, each of an extended duration. Id. To satisfy the "paragraph C" criteria for this Listing, a claimant must demonstrate the anxiety related disorder results "in a complete inability to function independently outside the area of one's home." Id.

The ALJ appropriately recognized that Plaintiff must satisfy either the "paragraph B" or "paragraph C" criteria to meet Listing 12.06 (Tr. 17-18). See 20 C.F.R. Pt. 404. Subpt. P, App. 1, § 12.06 (2016). In making his findings regarding the "paragraph B" and "paragraph C" criteria, the ALJ considered Plaintiff's subjective statements in an Adult Function Report, a Pain Questionnaire, and the two administrative hearings (Tr. 17-18). The ALJ did not mischaracterize Plaintiff's subjective statements in the above-mentioned reports and hearing testimony. Rather, the ALJ found Plaintiff's statements were not entirely consistent with the medical evidence and other evidence in the record regarding the severity of Plaintiff's condition (Tr. 19, 20-21). The ALJ gave significant weight to the limitations expressed in the 2014 opinion of Ollie Dennis, Ed.D., and the assessments of the state agency psychological consultants (Tr. 17-18, 21). This medical evidence provided substantial evidence to support the ALJ's findings regarding the "paragraph B" and "paragraph C" criteria and his conclusion that Plaintiff did not meet or equal Listing 12.06. In sum, the ALJ's findings are supported by substantial evidence in the record and comport with applicable law. Notably, the Sixth Circuit has held that a reviewing court should not upset an ALJ's findings that are supported by substantial evidence, even if substantial evidence could support a decision the other way. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Thus, Plaintiff is not entitled to relief on this claim.

B.

Finding No. 5 sets forth the ALJ's assessment of Plaintiff's RFC (Tr. 18). Plaintiff

challenges Finding No. 5 by asserting that the ALJ failed to explain what he meant by "a low stress work environment" (DN 13 PageId # 917-18). Plaintiff argues this phrase does not adequately articulate his maximum RFC for basic mental work-related activities (Id.). Plaintiff contends the ALJ should have articulated more specific limitations regarding basic mental work-related activities (Id. citing 20 C.F.R. §§ 404.1545(c) 416.945(c); Social Security Ruling 85-15).

Defendant points out that the ALJ's RFC finding accommodated Plaintiff's mental impairments by limiting him to jobs that require "very short, simple instructions," a "non-public setting," and a "low stress work environment" including "no fast-paced production" (DN 19 PageID # 951-53 citing Tr. 18). Defendant asserts that the RFC finding is consistent with state agency reviewing doctors' opinions that Claimant could do "low stress work." (Id. citing Tr. 158, 171, 191, 207). Defendant notes that neither of the two vocational experts asked for clarification of the phrase "a low stress work environment" before identifying jobs that the hypothetical individual could perform (Id. *citing* Tr. 93-94, 117-18). Defendant asserts that several cases in the Sixth Circuit have used the phrase, along with other mental accommodations, without specifically defining the term (Id. *citing* Smith v. Halter, 307 F.3d 377, 378-79 (6th Cir. 2001) (The ALJ "characterized [the claimant's] mental impairment as limiting him to jobs that are routine and low stress."); Proctor v. Astrue, No. 3:07-CV-442-J, 2008 WL 2597045, at *2 (W.D. Ky. June 26, 2008) (adopting the argument that "there is evidentiary support for the ALJ's conclusion that Ms. Proctor had the capacity for low-stress, simple, routine work.")). Defendant asserts that Plaintiff's reliance on SSR 85-15 is misplaced because the ALJ made adequate findings, supported by substantial evidence, showing that Plaintiff is not so mentally impaired as to be unable to perform work at low-stress jobs (Id.). Further, Defendant suggests that Plaintiff has waived this

12

vagueness claim by failing to raise it during the two hearings (Id.).

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946. The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946; Social Security Ruling 96-5p; Social Security Ruling 96-7p.

In support of his argument, Plaintiff quotes from a subsection in SSR 85-18 entitled "Stress and Mental Illness" and cites 20 C.F.R. §§ 404.1545(c) and 416.945(c). The subsection and regulations indicate that an RFC assessment of a claimant's mental impairment(s) should take into consideration his or her highly individualized reactions to work related stressors. SSR 85-15, 1985 WL 56857, at *6 (1985); 20 C.F.R. §§ 404.1545(c), 416.945(c). Here, the ALJ did that and found that Plaintiff is "able to understand, remember and carry out very short, simple instructions; able to maintain attention for two-hour periods during an eight-hour workday; able to relate to supervisors and coworkers in a non-public setting; able to respond to change; and requires a low stress work environment with no fast-paced production goals, etc." (Tr. 18). Thus, the ALJ's RFC assessment of Plaintiff's mental impairments comports with the directives in SSR 85-18 and §§ 404.1545(c) and 416.945(c). Further, a review of the record reveals that substantial evidence in the record supports the ALJ's findings. In sum, there is no merit to Plaintiff's challenge to Finding No. 5.

C.

Next, Plaintiff argues that Finding No. 10 is not supported by substantial evidence because

the ALJ failed to comply with his obligation under Social Security Ruling 00-4p ("SSR 00-4p") to resolve conflicting vocational expert ("VE") testimony regarding whether the DOT discusses certain restrictions (DN 13 PageID # 919-21). Defendant argues that Plaintiff's citation to SSR 00-4p fails as a matter of law because it discusses a conflict between a VE and the DOT, not conflicting VE testimony regarding whether the DOT discusses certain restrictions (DN 19 PageID # 954-55). Alternatively, Defendant asserts that Plaintiff waived his claim because he did not cross-examine the VE or otherwise bring the conflict to the ALJ's attention despite having the opportunity to do so (Id. citing Tr. 95-96, 122).

> The introductory paragraph to SSR 00-4p reads as follows:
>
>> PURPOSE: This Ruling clarifies our standards for the use of vocational experts (VEs) who provide evidence at hearings before administrative law judges (ALJs), vocational specialists (VSs) who provide evidence to disability determination services (DDS) adjudicators, and other reliable sources of occupational information in the evaluation of disability claims. In particular, this ruling emphasizes that before relying on VE or VS evidence to support a disability determination or decision, our adjudicators must: Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT), including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), published by the Department of Labor, and Explain in the determination or decision how any conflict that has been identified was resolved.

SSR 00-4p, 2000 WL 1898704, at *1 (Dec. 4, 2000). Once the VE has completed his or her testimony, the ALJ is required to ask the VE if the evidence he or she provided conflicts with information in the DOT. Id. at *2, 4. If the VE responds in the affirmative, the ALJ must obtain from the VE a reasonable explanation for the apparent conflict. Id. The ALJ must explain in the decision how he or she resolved the apparent conflict. Id. The Sixth Circuit has indicated that

14

"SSR 00-4p does not address what to do when a conflict is not apparent." Martin v. Commissioner, 170 F. App'x 369, 374 (6th Cir. 2006).

Here, the ALJ conducted hearings on January 13, 2016 and May 18, 2016. Christopher Rymer testified as a VE during the first hearing and Ralph Crystal did so during the second hearing. Plaintiff concedes that each VE rendered an opinion based on a hypothetical question that was consistent with the adjudged RFC (DN 13 PageID # 920). Further, Plaintiff acknowledges that the ALJ satisfied his obligation under SSR 00-4p by asking each VE about any apparent discrepancies between the information provided by the DOT and that which the VE presented (Id.). *See* SSR 00-4p, 2000 WL 1898704, at *4.

Specifically, the ALJ asked each VE if his testimony was consistent with the DOT (Tr. 95, 122). VE Rymer responded to the ALJ's question as follows:

> It is, Your Honor, though the issues not directly addressed by the DOT such as nonpublic or low stress work, that would be based upon my training and experience in the field, as well as my observations at how jobs are typically performed and tolerances and accommodations that most employers would be willing to make.

(Id. *citing* Tr. 95-96). By contrast, four months later, when asked if his testimony was consistent with the DOT, VE Crystal responded "[y]es, sir, it is" (Tr. 122). Plaintiff relies on VE Rymer's earlier response to identify a conflict that was not apparent from VE Crystal's answer.

Stripped of its technical veneer, Plaintiff's claim amounts to a contention that the ALJ did not interrogate VE Crystal with sufficient rigor about potential conflicts between his testimony and the DOT. But, VE Crystal credibly testified that there was no such conflict. And Plaintiff did not bring VE Crystal's purported mistake to the ALJ's attention. Considering the circumstances, nothing in SSR 00-4p imposed an affirmative duty on the ALJ to interrogate VE

15

Crystal further. *See* <u>Lindsley v. Comm'r Soc. Sec.</u>, 560 F.3d 601, 606 (6th Cir. 2009); <u>Martin</u>, 170 F. App'x at 374 ("Nothing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct."). In sum, Plaintiff's argument lacks merit. Moreover, Finding No. 10 is supported by substantial evidence in the record and comports with applicable law.

D.

Plaintiff asserts that his challenges above preclude the ultimate determination of not disabled set forth in Finding No. 11 (<u>Id.</u> PageID # 921). For the reasons set forth above, there is no merit to Plaintiff's assertion. Further, Finding No. 11 is supported by substantial evidence in the record and comports with applicable law.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is granted for the Commissioner.

Copies:      Counsel